UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Carol K. Schneider,

    Plaintiff,

v.                                                                                               Civil No. 11-3030 (JNE/AJB)
                                                                                                          ORDER

Citigroup Inc. d/b/a Citibank (South
Dakota), N.A. a/k/a Home Depot,

    Defendant.

---

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., appeared for Plaintiff Carol K. Schneider.

Thomas J. Lallier, Esq., and John F. Thomas, Esq., Foley & Mansfield, PLLP, appeared for Defendant Citibank, N.A.

---

In August 2005, Carol Schneider applied for and received a Home Depot credit card through Citibank, N.A. Claiming that unauthorized charges subsequently appeared on her account, that she disputed the charges, that Citibank failed to conduct a reasonable investigation of her disputes, and that Citibank furnished inaccurate information about her to credit reporting agencies, Schneider brought this action against Citibank under the Fair Credit Reporting Act in October 2011. The case is before the Court on Citibank's Motion to Compel Arbitration and Stay Action.[1]

The Federal Arbitration Act provides that a court may stay an action pending arbitration. 9 U.S.C. § 3 (2006). It also provides that a party aggrieved by the failure of another to arbitrate

---

[1]    Schneider named Citigroup Inc. as the defendant. In its motion, Citibank characterized itself as the "successor in interest to Citibank (South Dakota), N.A." In her opposition to Citibank's motion, Schneider referred to "Defendant Citibank, N.A." In its reply, Citibank asserted that it was incorrectly sued as Citigroup Inc. d/b/a Citibank (South Dakota), N.A. a/k/a Home Depot. For present purposes, the Court assumes that Citibank is the defendant.

under a written arbitration agreement may seek an order compelling arbitration. *Id.* § 4. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." *Id.* "A court's role under the [Federal Arbitration Act] is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute." *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004); *see Koch v. Compucredit Corp.*, 543 F.3d 460, 463 (8th Cir. 2008). Here, the parties dispute whether a valid agreement to arbitrate exists. It is undisputed that an agreement to arbitrate, if it exists, encompasses Schneider's claims.

The Court's review of the record reveals that there is a genuine issue as to whether an agreement to arbitrate exists between Schneider and Citibank. *See Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) ("In the context of motions to compel arbitration . . . the court applies a standard similar to that applicable for a motion for summary judgment."). Accordingly, the Court holds in abeyance Citibank's Motion to Compel Arbitration and Stay Action and directs the parties to contact the undersigned's calendar clerk within seven days of the date of this Order to schedule a trial on the issue of whether an agreement to arbitrate exists between Schneider and Citibank.

    IT IS SO ORDERED.

Dated: April 5, 2012

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge